UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X
DIANA ASKEW,

          Plaintiff,

-against-

C.O. EIGNER (C95 AMKC); NYC
DEPT OF CORRECTIONS,

          Defendants.
——————————————————————X

MEMORANDUM AND ORDER
12 CV 6135 (ENV)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 17 2013 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge:

Plaintiff, Diana Askew, brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] Plaintiff makes application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $350 within 14 days of the date that this Order is entered on the docket to proceed with this action. Moreover, should plaintiff elect to pay the filing fee, she is directed to file an amended complaint within 20 days of her payment of the filing fee.

### Discussion

#### Filing Fee

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). But that

---

[1] With respect to the named individual defendant, plaintiff is advised that there is no individual liability under Title VII of the Civil Rights Act of 1964. See Tomka v. Seiler Corp., 66 F.3d 1295, (2d Cir. 1995).



access is not through an unguarded gate. Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that Askew has submitted ("Decl.") does not satisfy the Court that she is unable to pay the filing fee to commence this action. Plaintiff states that she is presently employed, with a gross salary of $ 1,337 bi-weekly. (Decl. ¶ 2.) Plaintiff states that she has no debts or financial obligations, (Decl. ¶ 8), and has monthly housing expenses of $1,626. (Decl. ¶ 6.) Bottom line, Askew's declaration establishes that she has sufficient resources to pay the $350 filing fee to commence this action, and, consequently, her request to proceed IFP is denied.

Title VII

If plaintiff elects to pay the $350 filing fee, she is advised that her complaint, as presently pled, fails to state a claim under Title VII. Plaintiff's complaint alleges that "[t]here has been serious ongoing issues (verbal abuse harassment with C.O. Eigner who works for DOC[ )]". (Compl ¶ 8.) Plaintiff also appears to assert a charge of retaliation. See Letter dated December 30, 2011, from the New York City Department of Correction, annexed to plaintiff's complaint as an unmarked Exhibit.

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position[s] he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011). Moreover, Title VII prohibits an employer from retaliating against an employee who engages in a protected activity. Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000).

Askew fails to properly plead a claim under Title VII insofar as she fails to allege actual facts showing that she was discriminated against *because* of her race, color, religion, sex or national origin. See Rich v. Associated Brands, Inc., 379 Fed. Appx. 78, 80, n.1 (2d Cir. 2010) ("Title VII ... protects against discrimination based on an 'individual's race, color, religion, sex, or national origin ...' "). Neither a recitation of the slings an arrows endured in the workplace, nor naked assertions that such sufferings were motivated by impermissible discrimination, unsupported by plausible facts, will suffice to plead a Title VII claim.

Likewise, plaintiff fails to properly plead a plausible claim for retaliation, since she has not alleged that she engaged in protected activity that is covered by Title VII. See Woodworth v. Shineski, 447 Fed. Appx. 255, 257 n.2 (2d Cir. 2011); see also Santucci v. Veneman, No. 01 Civ. 6644, 2002 WL 31255115 at *3 (S.D.N.Y. Oct. 8, 2002) ("the protected activity alleged [in a Title VII retaliation case] must involve some sort of

3

complaint about a type of discrimination that Title VII forbids.").

Even under the most liberal construction of plaintiff's allegations she provides no facts that could possibly connect any adverse employment action to a protected status. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, 604 F.3d at 120-21 (although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## Conclusion

Accordingly, plaintiff must pay the $350 filing fee within 14 days of the date this Order is entered on the docket to proceed further. If plaintiff elects to pay the $350 filing fee she must file an amended complaint within 20 days from the date of her payment of the filing fee.

The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that defendants discriminated against her in violation of Title VII. If available, plaintiff should attach to the Amended Complaint a copy of the charge of discrimination that she filed with the Equal Employment Opportunity Commission and the New York State Division of Human Rights. The amended complaint must be captioned "Amended Complaint" and bear the docket number noted above.

No summons shall issue at this time, and all further proceedings shall be stayed by this Order until both the fee has been paid and an amended complaint has been filed. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice.

4

If plaintiff pays the $350 filing fee and fails to file an amended complaint within 20 days of the date plaintiff pays the filing fee, the instant action shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 7, 2012

ERIC N. VITALIANO
United States District J.